UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER E. MARTIN,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:16-cv-05344-TLF

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412

      This matter is before the Court on Ms. Martin's motion for attorney fees and expenses pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt. 23. Plaintiff seeks $10,282.29 in attorneys' fees for 51.6 hours of work performed by counsel (including paralegal time of 3.4 hours), and $4.20 in expenses. Dkts. 23-4, 27. The Court grants the motion in part; the Court has determined the amount of attorneys' fees requested should be reduced by 10%, ($1028.23) for a total fee award of $9254.06, plus $4.20 in expenses.

      Plaintiff filed her motion for EAJA attorneys' fees and expenses after the Court reversed the Commissioner's denial of her applications for disability benefits and remanded the matter for further administrative proceedings. Dkt. 21. The Commissioner responded to the motion, urging the Court to reduce the dollars requested by 20%, because the number of hours Ms. Martin's counsel expended was allegedly unreasonable. Dkt. 26. As explained below, the Court agrees with the Commissioner that a reduction in fees is warranted, but the reduction should be 10%.

      The EAJA provides:

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 1

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). There are three requirements for an award of attorney fees under the EAJA: (1) the claimant is a "prevailing party"; (2) the government's position was not "substantially justified"; and (3) no "special circumstances" exist that would make an award of attorney fees unjust. *Comm'r, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits."). In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.*

Ms. Martin is a prevailing party because this case was remanded for further administrative proceedings. The Commissioner is not suggesting any special circumstances exist

that would make an award of attorneys' fees unjust. The only argument made by the Commissioner is that the amount of the requested attorneys' fees is unreasonable by 20%.

Before granting attorney fees under the EAJA, the Court must determine whether those fees are "reasonable." *Jean*, 496 U.S. at 161; 28 U.S.C. § 2412(d)(1)(A). The test used to determine what fees are reasonable was set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also, Sorenson v. Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing *Jean*, 496 U.S. at 161 (once private litigant has met eligibility requirements for EAJA fees, court's task of determining what fee is reasonable is essentially same as that described in *Hensley*)); *see also Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* "Where the documentation of hours is inadequate," the Court "may reduce the award accordingly." *Id.* Further, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The court is not required to give a specific explanation if the reduction is 10% or less. *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012).

The Commissioner seeks a 20% reduction in the amount of attorney fees claimed in light of plaintiff's "underdeveloped arguments and unnecessary work." Dkt. 26, p. 2. Specifically, the

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 3

Commissioner asserts such a reduction is appropriate because of conclusory argument and because two lawyers did work that appears to overlap. *Id.* at pp. 2-4. The Court agrees that these factors warrant a reduction in the amount of attorney fees awarded, yet a reduction of 10% is sufficient under these circumstances.

For example, in regard to Dr. Mayer's March 2012 opinion, plaintiff stated: "The ALJ's assertion is not supported by substantial evidence." Dkt. 14 at 6, ll. 14-15. This general statement, after a recitation of facts in the record, is merely a flat conclusion rather than a sophisticated argument applying law to facts. In addition, the plaintiff's attorney hired a different attorney to write a factual summary concerning the transcript and evidence and prepare a first draft of the brief. Yet plaintiff's attorney prepared his own chronological summary of evidence with separate citations to the record. Dkt. 23-2 at 2, ll. 5-19 (Mr. Eitan Yanich states that he reviews the evidence, drafts a chronological summary of important evidence with accurate citations, and drafts arguments that incorporate analysis of facts and evidentiary citations); Dkt. 23-3 at 2-3 (Mr. Noah Yanich states that his role is limited to reviewing the file, summarizing evidence, analyzing evidence, and drafting a brief). The Court is not second-guessing plaintiff's counsel, and of course an attorney exercises independent professional judgment in determining the most effective way to handle an appeal. However, the hours spent by two attorneys to prepare separate summaries of the same set of facts would suggest that, at least to some extent, the lawyers have spent time on some of the same steps when reviewing the record and analyzing the facts. Counsel contends that there was no overlap whatsoever. Dkt. 23-2 at 2, ll. 7-8. The work product that is produced as part of the drafting process (for example, the summary of evidence produced by Mr. Noah Yanich, as opposed to the chronology and analysis of important evidence produced by the Mr. Eitan Yanich) resulting from the review of the record might not be exactly

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 4

the same, but the activity of conducting review of transcripts, documents, and evidence, done by two separate lawyers of the same record containing the same transcript, documents, and evidence is duplicative. Some of that time spend by two lawyers on the same tasks might be necessary, but this Court considers some of that time to be unwarranted because this is not an extraordinary or complex case.

Plaintiff is correct that "[b]y and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Dkt. 27, p. 5 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). And as Plaintiff further notes, this Court has in the main been reluctant to second guess an attorney's judgment in this regard. *See id.* (citing *Niemi v. Colvin*, Case No. 3:15-cv-05658-KLS, Dkt. 24 (W.D. Wash. Oct. 18, 2016)). Here, conclusory argument and redundancy due to some overlap of two lawyers reviewing the same transcript, documents, and evidence warrants a 10% reduction of attorney fees.

Accordingly, the Court hereby Orders as follows:

(1) Plaintiff is granted attorney fees in the amount of $9254.06[1] and expenses in the amount of $4.20.

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to

---

[1] This includes an additional 1.5 hours plaintiff's counsel spent on work related to the attorney fees motion and reply brief, subject to the same 10% reduction discussed herein. *See* Dkt. 27, p. 6; *Jean*, 496 U.S. at 161-62 (stating that "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded")).

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 5

attorney Eitan Kassel Yanich at his address: Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

(3) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to Ms. Martin's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney, either by direct deposit or by check payable to him and mailed to his address.

Dated this 17th day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 6